[Cite as *Cosari v. Cosari*, 2023-Ohio-1126.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| BRANDY L. COSARI | | C.A. No. 30214 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAYMOND A. COSARI | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 2013 10 2832 |

DECISION AND JOURNAL ENTRY

Dated: April 5, 2023

---

HENSAL, Presiding Judge.

{¶1}     Raymond Cosari appeals an order of the Summit County Court of Common Pleas, Domestic Relations Division, that granted Brandy Cosari's motion for relief from judgment under Civil Rule 60(A).  For the following reasons, this Court vacates the trial court's order.

I.

{¶2}     In November 2021, the trial court held a hearing regarding the parties' child support obligations.  According to the parties, they reached an agreement at the hearing, which they placed on the record.  Following the hearing, Mother prepared an agreed judgment entry, which the court signed.  Less than a week later, Mother moved for relief from judgment, arguing that one of the provisions in the agreed judgment entry inadvertently did not reflect the agreement that the parties had reached at the hearing.  She also submitted a proposed amended entry, which suggested that Father had agreed to the correction.  Mother acknowledges that the proposed order incorrectly indicated Father's approval of the amended entry.  Although Father submitted a brief that opposed

Mother's motion, the trial court issued an order correcting the entry. Father has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ADOPTING THE PROPOSED ORDER CORRECTING AGREED ENTRY OVER THE OBJECTIONS OF THE APPELLANT IN HIS BRIEF IN OPPOSITION.

{¶3} In his first assignment of error, Father argues that the trial court incorrectly granted Mother's motion for relief from judgment. He argues that the court ignored his brief in opposition to the motion and did not even hold an attorney conference to confirm the parties' positions. According to Father, the proposed amended order that Mother submitted to the court purported to have his signature on it, but he was never even provided a copy of it.

{¶4} Mother acknowledges that she mistakenly submitted a proposed order to the court with a signature line indicating that Father had approved the entry. After realizing the error, she contends that she filed a notice of mistaken submission to the court. Mother, nevertheless, argues that the corrected judgment entry does reflect the agreement that was read into the record and notes that Father has not had a transcript of that hearing prepared to establish what was agreed to at the hearing.

{¶5} Civil Rule 60(A) provides, in relevant part, that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." Although Mother argues that the corrected entry reflects the parties' agreement, she acknowledges that she submitted a proposed order to the court that mistakenly represented that Father had agreed to it. Because of Father's alleged agreement, the

trial court may have considered his subsequent objection to the corrected entry waived. *See Berlovan v. Berlovan*, 9th Dist. Medina No. 13CA0052-M, 2015-Ohio-1245, ¶ 5 (concluding party waived substantive challenges to judgment entry that she signed). Accordingly, upon review of the record, we conclude that the January 6, 2022, order correcting the agreed entry must be vacated. Father's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SETTING THE 60(A) MOTION OF THE APPELLEE FOR A HEARING WHEN THE ALLEGED "CLERICAL ERROR" WAS A DELIBERATELY NEGOTIATED TERM AND APPELLEE MERELY SUFFERED FROM BUYER'S REMORSE.

{¶6} In his second assignment of error, Father argues that the trial court incorrectly determined that its judgment entry contained a clerical error. Considering our resolution of Father's first assignment of error, we conclude that this argument is premature.

III.

{¶7} Father's first assignment of error is sustained. His second assignment of error is premature. The judgment of the Summit County Court of Pleas, Domestic Relations Division, is vacated, and this matter is remanded for further proceedings consistent with this decision.

Judgment vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

CAROLYN C. SOEDER, Attorney at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.